(Court of Criminal Appeals of Texas. March 1, 1911. On Motion for Rehearing, March 22, 1911.)

CRIMINAL LAW (§ 1069*)—APPEAL AND ERROR—NOTICE OF APPEAL.

Code Cr. Proc. 1895, art. 882, provides for an appeal at any time during the term at which conviction was had. Another statute provides that, where judgment has not been entered during the term at which conviction was had, judgment may be entered at the subsequent term, and sentence pronounced. Held, that the statute does not authorize the correction of the judgment at a subsequent term, so as to authorize the prosecution of an appeal, and the notice of appeal must be entered during the term at which the judgment was entered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2691–2699; Dec. Dig. § 1069.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

H. L. Offield, alias Roy James, was convicted, and appeals. Dismissed.

Lattimore, Cummings, Doyle & Bouldin, for appellant. C. E. Lane, Asst. Atty Gen., for the State.

DAVIDSON, P. J. Appellant entered his plea of guilty during the term of the district court on the 16th of June. On 11th of July motion for a new trial was filed, which does not seem to have been disposed of by the court; but sentence was pronounced on appellant on the 3d of September. Subsequently, on the 28th of September, motion to reform and correct the judgment was filed and acted upon by the judge, and the recitations in the judgment were corrected. From this appellant prosecutes his appeal.

When court adjourned on the 3d of September, no notice of appeal had been entered of record. A notice of appeal cannot be given at a subsequent term of the court, under article 882 of the Code of Criminal Procedure. However, our statute provides that, where judgment or sentence has not been entered during the term at which the conviction occurred, a judgment may be entered at the subsequent term and sentence pronounced. This would constitute the final judgment, and from this the appellant could appeal; but the statute does not authorize the reforming and correction of the judgment at a subsequent term, so as to authorize the prosecution of an appeal. The notice of appeal must be entered during the term at which the judgment was entered and sentence pronounced. In this case notice of appeal was not then given, and it is too late given at a subsequent term.

Because the jurisdiction of this court has not attached, the appeal will be dismissed.

### On Motion for Rehearing.

This is a companion case to the case of H. L. Offield, alias Roy James, v. State (No. 1,007, this day decided) 135 S. W. 566. This record is in exactly the same condition as that in the case above mentioned.

For the reasons set out in the opinion in that case, the motion for rehearing in this case is refused.

---

## SQUIRES v. STATE.

(Court of Criminal Appeals of Texas. March 15, 1911.)

CRIMINAL LAW (§ 1094*)—APPEAL—RECORD—AFFIRMANCE.

Nothing being presented for revision, the record being without a motion for new trial, statement of facts, or bill of exceptions, there must be an affirmance.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2807, 3204; Dec. Dig. § 1094.*]

Appeal from District Court, Hill County; W. C. Wear, Judge.

Dan Squires appeals from a conviction. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of arson; his punishment being assessed at five years' confinement in the penitentiary. The record is before us without a motion for new trial, statement of facts, or bill of exceptions.

In this condition of the record, there is nothing presented for revision, and the judgment is affirmed.

---

## WATKINS v. STATE.

(Court of Criminal Appeals of Texas. March 15, 1911.)

CRIMINAL LAW (§ 1094*)—APPEAL—AFFIRMANCE—INSUFFICIENT RECORD.

A conviction must be affirmed, where there is no motion for new trial or bill of exceptions in the record, and nothing in the record on which reversal is asked.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1094.*]

Appeal from District Court, El Paso County; James R. Harper, Judge.

Ed. Watkins, alias Ed. Liggins, was convicted of burglary, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary; his punishment being assessed at five years' confinement in the penitentiary.

The record is before us without a motion for new trial or bill of exceptions. There

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

is nothing pointed out in the record upon which appellant bases a ground for reversal.

As the record is presented, the judgment is affirmed.